UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TRAMAINE E. MARTIN, | ) | CASE NO. 1:17 CV 981 |
| Plaintiff, | ) ) | JUDGE JAMES S. GWIN |
| v. | ) ) | |
| | ) | OPINION & ORDER |
| SHERIFF CLIFFORD PINKNEY, | ) ) | |
| Defendant. | ) | |

Plaintiff *pro se* Tramaine Martin, an inmate at the Lorain Correctional Institution, brings this 42 U.S.C. § 1983 action against Defendant Cuyahoga County Sheriff Clifford Pinkney. Plaintiff alleges in the Complaint that, when he was incarcerated at the Cuyahoga County Jail, meat was not provided to inmates on Fridays during the Lenten season, and that his diabetes was made worse by this. He further alleges he was not given sufficient access to a computer to pursue a legal appeal. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at \*2 (6th Cir. Feb. 1, 2000).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 678 (2009). The pleading standard Rule 8 announces does not require "detailed factual

allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudette*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

Even liberally construed, the Complaint does not contain allegations reasonably suggesting Plaintiff might have a valid federal claim against the named Defendant. *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). Further, even had Plaintiff otherwise set forth sufficient allegations to state a valid claim,

Defendant cannot be held liable for damages under § 1983 solely because he employs and supervises jail personnel, as *respondeat superior* is not a proper basis for such liability. *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir.2003); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.1984). At a minimum, a plaintiff must show the supervisor at least implicitly authorized, approved, or knowingly acquiesced in unconstitutional conduct of the supervisor's employees.. *Id.* (quoting *Hays*, 668 F.2d at 874). The Complaint does not contain allegations indicating Defendant engaged in such conduct.

Accordingly, this action is dismissed under section 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: September 5, 2017                    *s/      James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE